**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STANLEY JOHNSON,<br><br>*Plaintiff*,<br><br>v.<br><br>DEBT CASE DEPARTMENT el al.,<br><br>*Defendants*. | Case No. 4:26-cv-00292-MAL |

**MEMORANDUM AND ORDER**

Stanley Johnson, a self-represented prisoner at the Southeast Correctional Center in Charleston, Missouri, filed a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1), a motion for leave to proceed *in forma pauperis* (Doc. 2), and a motion for appointment of counsel (Doc. 3). Johnson names as defendants the "Debt Case Department" of the United States District Court for the Eastern District of Missouri and G. Hancock, the warden of the Southeast Correctional Center, both in their official capacities. (Doc. 1 at 2–3). For the reasons discussed below, the Court grants Johnson leave to proceed *in forma pauperis* and dismisses this action for failure to state a claim upon which relief may be granted. The Court denies as moot Johnson's motion for appointment of counsel.

## I. Filing Fee

Congress mandates that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C.

§ 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed *in forma pauperis*.

To obtain *in forma pauperis* status, a prisoner litigant must file an affidavit demonstrating the inability to pay. 28 U.S.C. § 1915(a)(1). In addition to the standard *in forma pauperis* affidavit, a prisoner must provide a certified copy of his inmate account statement for the "6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

If the prisoner litigant lacks sufficient funds, the Court assesses an initial partial filing fee equal to 20 percent of the higher of the average monthly deposits or the average monthly balance in the prisoner litigant's account. 28 U.S.C. § 1915(b)(1). After that, the prisoner litigant must make monthly payments equal to 20 percent of his income until the prisoner litigant pays the fee in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." *Id.*

Johnson filed a certified inmate account statement covering his transaction activity from September 10, 2025, through February 24, 2026. (Doc. 4). That account statement reflects an average monthly deposit of $29.17 and an average monthly balance of $74.27. Because the average monthly balance exceeds the average monthly deposit, the Court will assess an initial partial filing fee of $14.02, representing 20 percent of that figure.

## II. Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing B*ell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires

more than a "mere possibility of misconduct." *Id*. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted). In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true and liberally construes the complaint. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "court should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff). Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III. Discussion

Johnson's Complaint does not contain any factual allegations in the statement-of-claim section. *See generally* Doc. 1 at 3. The only substantive content appears in the relief section, where Johnson requests that the Court "reimburse monies from debt case 1:23-cv-0012-NCC back to [him]." (Doc. 1 at 4). The court dismissed that

prior § 1983 case without prejudice for Johnson's failure to prosecute. Memorandum and Order, *Johnson v. Stange, et al.*, 1:23-cv-12-NCC at *2 (E.D. Mo. Aug. 24, 2023).

Even liberally construed, Johnson's Complaint amounts to a challenge to the assessment of a filing fee in a prior case. But the assessment of a partial filing fee under § 1915(b) does not give rise to a constitutional violation actionable under § 1983. Congress requires courts to assess initial partial filing fees from prisoner litigants who proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1). To the extent Johnson disagrees with the assessment in his prior case, the proper mechanism to challenge it would have been a motion in that case or an appeal, not a new lawsuit. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A judgment merely voidable because [it is] based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause [of action].").

Independent of the Complaint's lack of factual allegations, neither defendant is a proper party under § 1983. Johnson names the "Debt Case Department" as a defendant and identifies its employer as the United States District Court for the Eastern District of Missouri. (Doc. 1 at 2). Section 1983 provides a cause of action only against "person[s]" acting "under color of" state law. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). A federal court is not a "person acting under color of state law" within the meaning of § 1983 because it is actually a "person[ ] acting under color of federal law." *See Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984). Sovereign immunity also shields the federal government and its instrumentalities from suit absent a waiver. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Johnson alleges no such waiver.

Johnson also names G. Hancock, the warden of the Southeast Correctional Center, in his official capacity only. (Doc. 1 at 3). A suit against a state official in his official capacity is treated as a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Neither a state nor its officials acting in their official capacities are "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). And the Eleventh Amendment bars claims against the state absent waiver or valid

congressional abrogation of immunity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743–44 (8th Cir. 1998). Johnson alleges neither. Moreover, the Complaint does not allege that Hancock personally participated in the assessment of Johnson's filing fee. *See generally* Doc. 1.

Finally, in the Complaint's exhaustion section, Johnson describes difficulties obtaining grievance forms from prison staff. *See* Doc. 1 at 5–7. Even liberally construed, these allegations do not state a claim under § 1983. A prison grievance procedure "is a procedural right only, it does not confer any substantive right upon the inmates," and it "does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam).

For these reasons, the Court dismisses Johnson's Complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that the Court grants Johnson's motion for leave to proceed *in forma pauperis* (Doc. 2) and assesses an initial partial filing fee of $14.02. Johnson must pay that amount to the Clerk of Court no later than October 28, 2026.

**IT IS FURTHER ORDERED** that the Court dismisses this action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that the Court denies Johnson's motion for appointment of counsel as moot. (Doc. 3).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 30th day of September 2026.

Maria A. Lanahan

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE